NO. 26-40061

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

James Bien,
Plaintiff-Appellant

v.

Union Pacific Railroad Company,
Defendant-Appellee

On Appeal from
United States District Court
for the Eastern District of Texas, Sherman Division

4:25-CV-74

## BRIEF OF APPELLEE UNION PACIFIC RAILROAD COMPANY

SUBMITTED BY:

Jimmie L. Pinkham III
Scott P. Moore
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, Nebraska 68102
Telephone: (402) 344-0500
Facsimile: (402) 344-0588

COUNSEL FOR DEFENDANT-APPELLEE.

1

## CERTIFICATE OF INTERESTED PERSONS

1.    James Bien, Plaintiff-Appellant v. Union Pacific Railroad Company, Defendant-Appellee, Appeal No. 26-40061.

2.    The undersigned counsel of record certifies that the following listed persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

    a. Union Pacific Railroad Company, Appellee.

    b. Union Pacific Corporation, a publicly traded corporation and the sole parent of Appellee. No parent corporation or any publicly held corporation owns 10% or more of Union Pacific Corporation's stock.

    c. Jimmie L. Pinkham III and Scott P. Moore of Baird Holm, LLP, Counsel for Appellee.

    d. James Bien, Appellant.

    e. Donald E. Uloth of Law Office of Donald E. Uloth, Counsel for Appellant.

/s/ Jimmie L. Pinkham III
Attorney of Record for Appellee

2

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th CIR. R. 28.2.4, Union Pacific respectfully requests fifteen minutes of oral argument. While the legal issues addressed herein are relatively straightforward, oral argument would assist the Court in addressing questions with significance beyond this case, including (a) class-action tolling principles related to an unambiguously narrowed class definition, and (b) administrative exhaustion requirements.

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES ...................................................................8

STATEMENT OF THE CASE......................................................................9

SUMMARY OF THE ARGUMENT...........................................................12

ARGUMENT .............................................................................................14

I.  Bien's Third Amended Complaint Demonstrates that Bien Was Unambiguously Excluded from the Revised *Harris* Class Definition.................................................................................................14

  A.  The applicable statute of limitations.......................................14

  B.  Bien cannot create ambiguity in the revised *Harris* class definition. .................................................................................15

    i.   Evaluation" and "examination" are not interchangeable. .16

    ii.  *There is no reasonable basis to interpret "fitness-for-duty examination" to include a review of documents provided by an employee.*...............................................................19

    iii. *Bien was not subject to a fitness-for-duty "evaluation" or "examination" after passing the Ishihara test in 2015.*...20

  C.  Bien's Third Amended Complaint forecloses his tolling argument and fails to support his unreasonable interpretation of the revised *Harris* class definition.......................................21

II. Bien's Charge Focused on His 2013 Allegations and Did Not Administratively Exhaust Claims as to His 2015 Allegations......24

  A.  Bien was required to put Union Pacific on notice of any "potentially distinct allegations" that would constitute a discrete discriminatory act. .................................................25

  B.  Bien's Charge only put Union Pacific on notice that he requested reconsideration in 2015 of his 2013 restrictions and removal from service.............................................................27

  C.  Bien's new 2015 allegations from the Third Amended Complaint were not included in his Charge............................29

CONCLUSION..........................................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*,
   998 F.3d 190 (5th Cir. 2021)......................................................21

*Am. Pipe & Const. Co. v. Utah*,
   414 U.S. 538 (1974)..................................................................13

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983)..................................................................14

*Das v. Am. Airlines, Inc.*,
   2020 WL 364264 (N.D. Tex. Jan. 21, 2020)........................... 25, 26, 29

*DeFries v. Union Pac. R.R. Co.*,
   104 F.4th 1091 (9th Cir. 2024), *cert. denied sub nom.*
   *Union Pac. R. Co. v. DeFries*, No. 24-630, 2025 WL 889139
   (U.S. Mar. 24, 2025)........................................................ 16, 21, 22

*Del. State Coll. v. Ricks*,
   449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) ................... 25, 28

*EEOC v. Shell Oil Co.*,
   466 U.S. 54 (1984)....................................................................24

*Harris v. Union Pac. R.R. Co.*,
   329 F.R.D. 616 (D. Neb. 2019), *rev'd*, 953 F.3d 1030 (8th
   Cir. 2020)............................................................................. *passim*

*Jaso v. The Coca Cola Co.*,
   435 F. App'x 346 (5th Cir. 2011)............................................. 14, 21

*Jefferson v. Christus St. Joseph Hosp.*,
   374 F. App'x 485 (5th Cir. 2010)....................................................25

*Manning v. Chevron Chem. Co.*,
   332 F.3d 874 (5th Cir. 2003)........................................................24

5

*McClain v. Lufkin Indus.*,
  519 F.3d 264 (5th Cir.2008)..................................................................25

*Melgar v. T.B. Butler Publ'g Co., Inc.*,
  931 F.3d 375 (5th Cir. 2019)...............................................................13

*Pacheco v. Mineta*,
  448 F.3d 783 (5th Cir. 2006)...............................................................26

*Patton v. Jacobs Eng'g Grp., Inc.*,
  874 F.3d 437 (5th Cir. 2017)...............................................................25

*Rx Sols., Inc. v. Caremark, L.L.C.*,
  164 F.4th 436 (5th Cir. 2026) .............................................................23

*Smithson v. Union Pac. R.R. Co.*,
  602 F. Supp. 3d 974 (W.D. Tex. 2022).....................................24, 25, 27

*Spindle v. CKJ Trucking, LP*,
  2020 WL 1283519 (E.D. Tex. Mar. 18, 2020) ..............................25, 28

*Lauren C. ex rel. Tracey K. v. Lewisville Indep. Sch. Dist.*,
  904 F.3d 363 (5th Cir. 2018)...............................................................23

*Zaragoza v. Union Pac. R.R. Co.*,
  112 F.4th 313 (5th Cir. 2024), *cert. denied*, 145 S. Ct.
  1428, 221 L. Ed. 2d 553 (2025) ..........................................................14

**Statutes**

42 U.S.C. § 2000e-5(e)(1).......................................................................13

**Other Authorities**

49 C.F.R. § 242.117(h)(3) and Appendix D to Part 242.........................17

5th CIR. R. 32.1.....................................................................................30

FED. R. APP. P. 32(a)(5) .........................................................................31

FED. R. APP. P. 32(a)(6) .........................................................................31

FED. R. APP. P. 32(a)(7)(B) .....................................................................30

FED. R. APP. P. 32(f) .......................................................................... 30

Rule 12(b)(6) ................................................................................. 11, 29

## STATEMENT OF THE ISSUES

1.    That Bien was unambiguously excluded from the revised *Harris* class definition, which was narrowed on February 5, 2019.

2.    That Bien failed to exhaust his administrative remedies for any discrete claims of discrimination related to the events of 2015.

## STATEMENT OF THE CASE

Union Pacific removed Bien from service as a train conductor in July 2013, after he failed two color-vision tests—the Ishihara test and Union Pacific's color-vision field test—as part of his Federal Railroad Administration ("FRA") conductor recertification. ROA.285-87, ¶¶ 16, 21-22, 27. Shortly thereafter, Union Pacific informed Bien that he was restricted from performing jobs requiring color signal recognition and that his restrictions could not be accommodated. ROA.287, ¶ 28. Upon his request, Union Pacific granted Bien the opportunity to retake the field test; he failed that second color-vision field test in August 2013. ROA.287, ¶ 29. Bien does not assert claims based on the events of 2013. ROA.292, ¶ 55.

Two years later, in September 2015, Union Pacific mistakenly notified Bien that he was due for an FRA recertification physical. ROA.288, ¶ 28; ROA.312. This time, Bien passed the first color-vision test—the Ishihara test—so he "requested reconsideration of the decision to prohibit [him] from work as a conductor" and asked Union Pacific to allow him to retake the color-vision field test. ROA.314; ROA.289, ¶¶ 39-

40; ROA.311-13. Union Pacific denied his request for reconsideration. ROA.289-90, ¶ 43; ROA.314.

Bien filed a charge of discrimination with the EEOC and Texas Workforce Commission in April 2020 ("Charge"). In the Charge, Bien's only reference to the events of 2015 is a single line of text:

> On or around November 2015, I requested reconsideration of the decision to prohibit me from work as a conductor but was denied.

ROA.314. Relevant to this case, Bien's Charge further alleged that Union Pacific engaged in the following: "subjecting employees to so-called 'medical examinations' by the railroad's Health & Medical Services and using such examinations to take the employees out of service and/or medically disqualify them." ROA.314.

Bien filed his Complaint on January 24, 2025 and eventually filed the operative Third Amended Complaint on August 15, 2025. ROA.61.2-4. In his Third Amended Complaint, Bien alleged that his claims were not barred by the statute of limitations because of a 2016 class action lawsuit, *Harris et al. v. Union Pacific Railroad Company*. ROA.290-91. The initial putative class in *Harris* was defined as:

> Individuals who were removed from service over their objection, and/or suffered another adverse employment

10

action, during their employment with Union Pacific for reasons related to a Fitness-for-Duty evaluation at any time from 300 days before the earliest date that a named Plaintiff filed an administrative charge of discrimination to the resolution of this action.

*Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616, 621 (D. Neb. 2019), *rev'd*, 953 F.3d 1030 (8th Cir. 2020). On February 5, 2019, a narrower class was certified:

All individuals who have been or will be subject to a fitness-for-duty examination as a result of a reportable health event at any time from September 18, 2014 until the final resolution of this action.

*Id.* at 628. Despite pleading specific facts to the contrary, Bien's Third Amended Complaint raised the conclusory assertion that he was a putative class member under both class definitions. ROA.291, ¶¶ 48-49.

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's dismissal of Bien's claims under Rule 12(b)(6) for two reasons. First, the District Court correctly held that Bien's claims are time-barred because he was unambiguously excluded from the February 5, 2019 revised *Harris* class definition. Specifically, class counsel chose to narrow the *Harris* class from individuals removed from service *"for reasons related to a fitness-for-duty evaluation"* to individuals *"subject to a fitness-for-duty examination as a result of a reportable health event."* Here, the pleaded allegations and incorporated exhibits of the Third Amended Complaint make clear that, in 2015, Bien was not subject to anything *as a result of a reportable health event*. Indeed, Union Pacific affirmatively declined Bien's 2015 request to take the secondary color-vision field test.

Second, Bien did not administratively exhaust any actionable claims related to the events of 2015.  Instead, his Charge asserted only one alleged act of discrimination—his 2013 removal from service—which Bien no longer pursues. The Charge also made reference to Union Pacific's denial of his 2015 request for reconsideration, but as a matter of law, an employer's denial of a reconsideration request is not a discrete

act. Bien's attempts to retroactively and fundamentally reframe the allegations asserted in his 2020 Charge is prohibited by law.

## ARGUMENT

### I.  Bien's Third Amended Complaint Demonstrates that Bien Was Unambiguously Excluded from the Revised *Harris* Class Definition.

The District Court properly held that Bien was unambiguously excluded from the February 5, 2019 revised *Harris* class definition because, in 2015, he was not subjected to a fitness-for-duty examination as a result of a reportable health event. ROA.542. Consequently, as of February 2019, Bien was not a putative member of the *Harris* class, and tolling of his claims ceased. Bien's 300-day window to exhaust his administrative remedies closed in December 2019, rendering Bien's April 10, 2020 Charge of Discrimination untimely.

### A. The applicable statute of limitations.

To exhaust administrative remedies under the ADA, an employee must file a charge of discrimination within 300 days of the alleged discrimination. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 379 (5th Cir. 2019) (citing 42 U.S.C. § 2000e-5(e)(1)). The commencement of a class action suspends the statute of limitations, until class certification is denied or the individual is unambiguously excluded from the class definition. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974);

14

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983); *Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313, 321 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1428, 221 L. Ed. 2d 553 (2025).

Here, the District of Nebraska certified the revised *Harris* class definition on February 5, 2019, at which point *American Pipe* tolling of Bien's claims ended. December 2, 2019 was 300 days after the February 5th certification order.

## B. Bien cannot create ambiguity in the revised *Harris* class definition.

Bien was not subject to a fitness-for-duty examination as a result of a reportable health event in 2015. Any possible rejoinder to Union Pacific's statute of limitations defense is foreclosed by the allegations in his own complaint, including the documents attached thereto. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011). Bien cannot ignore the specific text of the narrowed *Harris* class definition:

> All individuals who have been or will be subject to a fitness-for-duty examination as a result of a reportable health event at any time *from September 18, 2014* until the final resolution of this action.

*Harris*, 329 F.R.D. at 628 (emphasis added). This is the language that controls, and Bien unambiguously falls *outside* the parameters of the

*Harris* class definition because, after September 2014, he was not subject to a fitness-for-duty examination as a result of a reportable health event.

### i. *"Evaluation" and "examination" are not interchangeable.*

In opposition to Union Pacific's motion to dismiss, Bien unsuccessfully argued that "decision" was somehow interchangeable with "examination." By his misguided logic, Bien's 2015 Ishihara test was a Reportable Health Event, and Union Pacific's decision not to reconsider his prior restrictions was, in some tortured way, tantamount to an "examination." The District Court correctly refused to endorse Bien's objectively unsustainable re-interpretation of the plain language of the *Harris* definition.

In light of the District Court's sound reasoning, Bien now pivots and changes his interpretation of the revised *Harris* class definition, in a new attempt to avail himself of *American Pipe* tolling. This time he improperly conflates "evaluation" and "examination." ECF No. 14, p. 25. But by doing so, Bien ignores—and asks this Court to ignore—the original *Harris* class definition, as well as the pleaded allegations in and exhibits to (Medical Rules and Charge) his Third Amended Complaint.

First, the plaintiffs in *Harris* intentionally chose the language in the narrowed class definition—it was not a mistake. See *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1102 (9th Cir. 2024), *cert. denied sub nom. Union Pac. R. Co. v. DeFries*, No. 24-630, 2025 WL 889139 (U.S. Mar. 24, 2025) (noting the intentional nature of class counsel narrowing the definition to correspond with a particular list of individuals). The original class definition used the term "evaluation," but the plaintiffs in *Harris* elected to replace it with "examination." *Id*. Without explanation, Bien asks this Court to turn a blind eye to that change.

Second, Union Pacific's Medical Rules ("Medical Rules"), which were incorporated by reference into the class definition and attached to Bien's operative pleading, unambiguously refer to "examinations" as being *part* of a broader fitness-for-duty evaluation. *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1105 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1426, 221 L. Ed. 2d 553 (2025) (noting that the medical rules were incorporated by reference into the class definition); ROA.299-300. The Medical Rules note that employees and applicants are responsible for "undergoing a Fitness-For-Duty Evaluation, including all medical tests, examinations, and evaluations deemed necessary by various

17

governmental agencies and HMS." ROA.299-300. Further, the Medical

Rules explicitly describe Fitness-For-Duty Evaluations as such:

> Evaluations completed by Health and Medical Services (HMS) may include, but are not limited to *various components* such as: (1) regulatory medical certification requirements; (2) drug screen; (3) medical. psychological and/or functional evaluations, (4) obtaining additional medical records for review by HMS, and (5) other information as deemed necessary by HMS.

ROA.301 (emphasis added). Here, the *examination* Bien requested—the

color-vision field test—was a "regulatory medical certification

requirement" for conductors who failed the first color-vision test.

ROA.288, ¶¶ 38-40; *see* 49 C.F.R. § 242.117(h)(3) and Appendix D to Part

242. Union Pacific simply declined to subject Bien to that *component* of a

Fitness-For-Duty Evaluation.

Finally, Bien's own Charge, filed April 10, 2020, explicitly refers

only to "examinations:"

> [S]ubjecting employees to so-called "medical examinations" by the railroad's Health & Medical Services and using such examinations to take the employees out of service and/or medically disqualify them; […]

ROA.314. Bien has always known that the *examination* at-issue was the

color-vision field test; in fact, he relied on that exact terminology and

understanding to advance his claims in the Charge. ROA.314. His post-

hoc reimagining of the verbiage of the *Harris* class definition cannot fabricate ambiguity to save his claim.

> *ii. There is no reasonable basis to interpret "fitness-for-duty examination" to include a review of documents provided by an employee.*

In the same vein as Bien's unavailing argument that "examination" and "evaluation" are interchangeable, Bien also misguidedly contends that an "examination" (as used in the *Harris* class definition) somehow includes a review of documentation provided by an employee. As noted above in Section I(A), a fitness-for-duty evaluation can include several components, with examinations being one of them. ROA.299-300. A fitness-for-duty evaluation (as distinct from a narrower "examination") can also include as a component "obtaining additional medical records for review by HMS." ROA.301. There is no reasonable basis for such interpretation of fitness-for-duty "examination;" indeed, the proposed reimagining of the *Harris* definition makes no sense because an *employee* cannot be *subject* to a document review at the employee's own request. An individual can *conduct* a document review or provide materials for a document review. But Bien himself was not subject to a document review.

*iii. Bien was not <u>subject</u> to a fitness-for-duty "evaluation" or "examination" after passing the Ishihara test in 2015.*

Even if the Court viewed "evaluation" and "examination" as interchangeable in the revised *Harris* class definition, Bien was *subjected* to neither in 2015 *as a result of a reportable health event*. Rather, Bien requested that he be subject to a fitness-for-duty examination (the color-vision field test), but Union Pacific declined. Thus, Bien is unambiguously excluded from the revised *Harris* class definition.

The District Court found—and Union Pacific assumes *arguendo* for purposes of this appeal—that Bien's 2015 passed Ishihara test was a "reportable health event." But Union Pacific declined to act on that test; instead, it simply reiterated its previous decision from 2013. ROA.311-313. Bien's Charge and Third Amended Complaint are controlling: Bien "requested reconsideration of the decision to prohibit [him] from work as a conductor but was denied." ROA.314; *See* ROA.289, ¶ 40. Bien was not subjected to an examination as a result of this 2015 Ishihara color vision test.

Ultimately, Bien cannot avoid his own pleadings. He alleges that he asked Union Pacific to "let him retake the color vision field test, to review his work restriction, and to reinstate him to his position"

ROA.289, ¶ 40. According to Bien, Union Pacific then notified him that "his requests had been formally reviewed by a committee, and his requests were being denied." ROA.289, ¶ 43. The letter from Union Pacific specifically states, "[t]his letter is to inform you that your request to retake the CVFT has been denied, and your work restrictions will remain in place permanently." ROA.311. Notably, the restrictions put on Bien in 2013 were also permanent. ROA.312. Put simply, nothing changed; Union Pacific simply declined to subject Bien to either a fitness-for-duty "evaluation" or "examination" in 2015.

Regardless of his proposed linguistic gymnastics, Bien was not subject to a fitness-for-duty examination as a result of a reportable health event at any time after September 18, 2014. Thus, by February 2019, Bien was unambiguously excluded from the *Harris* class definition.

## C. Bien's Third Amended Complaint forecloses his tolling argument and fails to support his unreasonable interpretation of the revised *Harris* class definition.

While Bien correctly states this Court's standard for dismissal based on statute of limitations, he seeks to apply it to far-fetched interpretations of a class definition in an effort to create ambiguity where there is none. The appropriate legal standard is:

> [D]ismissal for failure to state a claim based on the statute of limitations defense should be granted only when the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint.

*Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 196 (5th Cir. 2021) (quoting *Jaso*, 435 F. App'x at 352). Bien's detailed Third Amended Complaint, together with the attachments thereto, foreclose any argument that he was not unambiguously excluded from the revised *Harris* class definition.

Bien implores the Court to use this legal standard to accept *any* interpretation of the revised *Harris* class definition as reasonable. ECF No. 14, p. 16-17. But Bien's argument that the Court should ignore the intentional changes in the class definition is anything but reasonable. Bien acknowledges that the *Harris* class definition was narrowed, although he attempts to downplay the changes as being only slightly different. ROA.291, ¶ 49. The fact is that class counsel chose to narrow the class from individuals removed from service as a result of a fitness-for-duty *evaluation* to individuals *subject to* a fitness-for-duty *examination*. *DeFries*, 104 F.4th at 1102.

Further, the Third Amended Complaint's focus on color-vision field tests (including Union Pacific's 2015 refusal to subject him to one)

demonstrates Bien's understanding that, to fall within the scope of the *Harris* definition, he had to be *subject to* a fitness-for-duty *examination* as a result of a reportable health event. ROA.285-90, ¶¶ 17-26, 29, 32, 40, 45. Union Pacific's review of his 2015 Ishihara test (at Bien's request) was not sufficient.

In addition, Bien's misunderstanding of *DeFries* and the Ninth Circuit's reference to "fitness-for-duty examination" belies the point. ECF No. 14, p. 27. The "fitness-for-duty examination" to which *DeFries* refers is the color-vision field test, which is the "fitness-for-duty examination" individuals are subject to if they fail the Ishihara test. *Id.* at 1101 (describing DeFries' failure of the initial Ishihara test, which resulted in Union Pacific requiring him to take the new color-vision field test). In *DeFries*, the Ninth Circuit determined that the appellant was a class member precisely because he was subjected to a color-vision field test as a fitness-for-duty examination, as a result of the reportable health event of failing the initial Ishihara test. *Id.* at 1105-1107.

Bien's Third Amended Complaint, including its attachments, contains all the information necessary for the Court to find that Bien was unambiguously excluded from the revised *Harris* class definition. Bien

was removed from service in 2013 after failing the Ishihara test and the color-vision field test. ROA.285-88, ¶¶ 16-37. In 2015, Bien voluntarily took the Ishihara test again, but passed this time. ROA.28-89, ¶¶ 38-39. Thereafter, Bien was not subject to a fitness for duty examination, regardless of the varying definitions he attempts to ascribe to "examination." ROA.289, ¶¶ 40, 42. Nothing in the Third Amended Complaint supports Bien's unreasonable interpretation of the revised *Harris* class definition.

## II.    Bien's Charge Focused on His 2013 Allegations and Did Not Administratively Exhaust Claims as to His 2015 Allegations.

The District Court's dismissal should be affirmed for another reason: Bien's Charge asserted only one act of discrimination—his 2013 removal from service. *See Rx Sols., Inc. v. Caremark, L.L.C.*, 164 F.4th 436, 446 (5th Cir. 2026) (holding that this Court "may affirm on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result") (quoting *Lauren C. ex rel. Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 374 (5th Cir. 2018).

Bien's reference to 2015 was limited to a request for reconsideration, which is not a discrete discriminatory act. ROA.314; *Smithson v. Union Pac. R.R. Co.*, 602 F. Supp. 3d 974, 982 (W.D. Tex. 2022). Bien's Charge did not put Union Pacific (or the EEOC) on notice of the Third Amended Complaint's 2015 allegations, which he now seeks to characterize collectively as a discrete discriminatory act. ROA.288-90, ¶¶ 38-46. Because Bien failed to exhaust his administrative remedies regarding his 2015 allegations, the dismissal of his Third Amended Complaint must be affirmed.

### A. Bien was required to put Union Pacific on notice of any "potentially distinct allegations" that would constitute a discrete discriminatory act.

One of the administrative exhaustion requirement's "central purposes ... is to put employers on notice of 'the existence and nature of the charges against them.'" *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003) (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984)). To the extent Bien now claims that he intended to assert a discriminatory act in 2015, separate and apart from the 2013 removal from service and restrictions, Bien was obligated to put Union Pacific on notice of that. He did not.

To determine whether a plaintiff exhausted their EEOC administrative remedies, courts look to whether the charge included sufficient allegations to prompt an EEOC investigation into unidentified claims. *Spindle v. CKJ Trucking, LP*, 2020 WL 1283519, at *2 (E.D. Tex. Mar. 18, 2020) (citing *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)). "[W]e will only find a claim was exhausted if it could have been 'reasonably ... expected to grow out of the charge of discrimination.'" *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 490 (5th Cir. 2010) (quoting *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir.2008)).

Under the ADA, requests for reconsideration are not discrete acts of discrimination. *Smithson*, 602 F. Supp. at 982; *Das v. Am. Airlines, Inc.*, 2020 WL 364264, at *3 (N.D. Tex. Jan. 21, 2020) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 n.15, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) ("Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws.")). When a plaintiff seeks to assert discrete discriminatory acts under the ADA, separate from a request for reconsideration, the plaintiff must administratively

26

put the employer on notice of the "potentially distinct allegations." *Das*, 2020 WL 364264, at *3.

In *Das*, the plaintiff repeatedly requested the same accommodations, but eventually had a change in medication that resulted in the defendant directing him to submit another request for accommodations. *Id*. The court declined to hold that these circumstances constituted a "distinct discriminatory act subject to its own limitations period" because his charge of discrimination did not allege that those things (medication change and direction to resubmit his request) ever occurred. *Id*. Thus, the court found that plaintiff had not exhausted his administrative remedies with regard to the denial of his requests. *Id*. Bien's 2015 request for reconsideration should be viewed with the same lens.

### B. Bien's Charge only put Union Pacific on notice that he requested reconsideration in 2015 of his 2013 restrictions and removal from service.

Even broadly construing Bien's Charge—as the Court must—he plainly asserts only that in 2015 he requested *reconsideration* of his 2013 removal from service and restrictions. ROA.314; *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) ("the scope of an EEOC complaint should be

27

construed liberally"). This is *not* a discrete act of discrimination, and Bien failed to put Union Pacific—and the EEOC—on notice of any factual allegations that could turn his request for reconsideration into a discrete act separate from the 2013 acts. *Smithson*, 602 F. Supp. at 982.

The operative language of Bien's charge sets the scope of his allegations. In particular, Bien failed the Ishihara and color-vision field test in 2013, and at that time, Union Pacific pulled him from service as a train conductor. ROA.314. And, as alleged by Bien: "[o]n or around November 2015, I requested reconsideration of the decision to prohibit me from work as a conductor but was denied." ROA.314. Thus, by the plain language of the Charge, Bien necessarily sought reconsideration of Union Pacific's 2013 decision, and nothing more. Moreover, this did not prompt the EEOC to look beyond the 2013 adverse employment actions, as evidenced by the EEOC's determination, which does not reference Bien's request for reconsideration. Instead, it addressed a "prohibited medical inquiry" and "permanent medical restrictions," the very 2013 actions for which Bien sought *reconsideration* in 2015. ROA.317. Notably, the EEOC did not address any alleged *second* fitness for duty

28

determination or *second* medical inquiry; the EEOC gave no attention to any 2015 allegations because it had no reason to do so. ROA.317.

### C. Bien's new 2015 allegations from the Third Amended Complaint were not included in his Charge.

The analysis of whether Bien administratively exhausted his 2015 claims depends not only on what he included in his Charge, but also on what he did not include. *Delaware State Coll. v. Ricks*, 449 U.S. 250, 257 (1980) (noting—for purposes of administrative exhaustion—the alleged discriminatory acts that were *not* alleged in the plaintiff's EEOC complaint). In his failed attempt to resurrect his untimely ADA claim, the Third Amended Complaints asserts entirely new and unexhausted 2015 allegations. ROA.288-90, ¶¶ 38-46. None of those allegations appear anywhere in his Charge. ROA.314-15.

Bien now alleges in his Third Amended Complaint that, in 2015, Union Pacific failed to reinstate him, after he obtained and—at Union Pacific's invitation—provided new medical information related to his color vision. ROA.289, ¶¶ 39-40. These assertions are found nowhere within the Charge (ROA.314-315), and because Bien's Charge was limited to bald failure-to-reconsider allegations, the EEOC had no reason to—and apparently did not—investigate anything else. ROA.314-18;

*Spindle v. CKJ Trucking, LP*, No. 4:18-CV-818, 2020 WL 1283519, at *2 (E.D. Tex. Mar. 18, 2020) (holding that plaintiff failed to exhaust administrative remedies when he failed to include allegations sufficient to prompt EEOC investigation into discrete failure to accommodate claim). Simply stated, Bien did not exhaust his administrative remedies regarding the new and distinct claim that Union Pacific failed to reinstate him after asking for and receiving new medical information. *Das*, 2020 WL 364264, at *3 (granting motion to dismiss for failure to exhaust new and distinct claim based on submission of new medical information at employer's direction).

## CONCLUSION

Based on the foregoing, Union Pacific respectfully requests that the Court affirm the District Court's dismissal under Rule 12(b)(6), either for the reasons adopted by the District Court or the alternative reasons stated herein. Bien should not be permitted to resurrect his untimely claim related to his 2015 request for reconsideration based upon an unreasonable interpretation of the revised *Harris* class definition. Further, Bien failed to exhaust his administrative remedies related to

any discrete 2015 claims beyond his non-actionable request for reconsideration.

        Respectfully submitted,

        UNION PACIFIC RAILROAD COMPANY,
        Appellee,

BY: */s/ Jimmie L. Pinkham III*
      Jimmie L. Pinkham III (NE #25534)

of  BAIRD HOLM LLP
     1700 Farnam St. Ste. 1500
     Omaha, NE  68102-2068
     Phone: 402-344-0500
     Email: jpinkham@bairdholm.com

     ATTORNEY FOR APPELLEE
     UNION PACIFIC RAILROAD CO.

## CERTIFICATE OF SERVICE

I certify that the foregoing brief was electronically filed on the 28th day of April, 2026, using the court's CM/ECF system which will provide a notice of electronic filing to counsel of record.

*/s/ Jimmie L. Pinkham III*_____
Jimmie L. Pinkham III (NE #25534)

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1, this document contains 5077 words.

*/s/ Jimmie L. Pinkham III*_____
Jimmie L. Pinkham III (NE #25534)

7170467.7